### GOLDSTON v. WADE.

(Supreme Court, Appellate Term. May 24, 1910.)

1. SALES (§ 418*)—BREACH OF CONTRACT BY SELLER—MEASURE OF DAMAGES.

Damages, amounting to the difference between the contract price and the price at which the buyer had resold the goods from description to customers after the contract of purchase was made, are allowable upon the seller's breach of contract, where the contract was made with reference to such special circumstances that the profits to be realized upon a resale may properly be said to have been in contemplation of the parties.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1190; Dec. Dig. § 418.*]

2. SALES (§ 421*)—ACTION FOR PRICE—INSTRUCTIONS.

In an action for goods sold, where defendant counterclaimed for breach of contract, and both parties conceded that the contract of sale was made before the buyer contracted to resell the goods, so that no notice of the contract of resale thereafter to the seller would increase his liability, a charge that if, after the contract of purchase was made and the goods resold, the buyer gave notice of the contracts of resale, and the seller again agreed to deliver the goods to fill such orders, the seller had sufficient notice of the subcontracts to make him liable for loss of profits upon them, was erroneous; the only issue being as to the liability under the original contract.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 421.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Nat Goldston against Marie V. Wade. From a Municipal Court judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Baggott & Ryall (Morris Cukor, of counsel), for appellant.
B. Gerson Oppenheim, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LEHMAN, J. Plaintiff sued for goods sold and delivered, and defendant counterclaimed for damages for breach of contract to deliver certain other goods ordered by her. The jury found for the defendant on her counterclaim, and allowed her as damages the difference between the contract price and the price at which she had resold these goods from description to her customers after the contract was made. In the case of Delafield v. Armsby Co., 131 App. Div. 572, 116 N. Y. Supp. 71, the court decided that such damages are proper, where the contract for the sale of the goods was made with knowledge of and with reference to such special circumstances that the profits to be realized upon a resale may properly be said to have been in contemplation of the parties, and that such damages may be awarded even where the contract of resale was not actually made at that time, provided that the parties must have had in contemplation that the purchaser would sustain as damages upon a breach of the contract the difference between the contract price and the price at which he would be able to resell the goods to his customers.

In this case the evidence is very meager as to the nature of the goods and as to the knowledge by plaintiff of the manner in which defendant intended to deal with them, and therefore as to the nature of the damages contemplated by the parties. But the trial justice charged that if, after the contract was made and the goods resold, the defendant gave notice of the contracts of resale, and the plaintiff again agreed to deliver the goods to fill these orders, then the plaintiff had sufficient notice of the subcontracts to make him liable for loss of profits upon them. This was obviously not the question at issue. Both parties are agreed that the contract was made before that time, and all liability under the contract was fixed when the contract was originally made. No notice to the seller thereafter would increase his liability. The sole question for the jury upon this element of the case is whether, under all the circumstances of the case, it can fairly be inferred that the parties contemplated when the contract was made that, if the seller failed to deliver the goods, the natural damages which the buyer would sustain would be the loss of profits upon a resale of the goods.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.